UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT MOFFATT,

        Plaintiff,                              Civil No. 09-715-HA

        v.                                   OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

      Plaintiff brings this action requesting judicial review of a decision by the Commissioner of the Social Security Administration (SSA) denying his application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. Plaintiff seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits. After reviewing the record of this case and evaluating counsel's arguments, this court concludes that the findings of the Commissioner are based upon the correct legal standards and are supported

1  - OPINION AND ORDER

by substantial evidence in the record. The final decision of the Commissioner denying plaintiff's application for DIB and SSI benefits is affirmed.

**ADMINISTRATIVE HISTORY**

Plaintiff's prior applications for benefits have undergone extensive review. The SSA Appeals Council vacated the denial of one set of applications and remanded for further proceedings, and plaintiff advanced a second set of applications before that remand was complete. The two sets of applications were consolidated and considered at a hearing before an Administrative Law Judge (ALJ). The ALJ concluded that plaintiff did not qualify for benefits. Plaintiff appealed unsuccessfully to the SSA Appeals Council, and then sought judicial review.

This court reversed and remanded for further proceedings in September 2008. Another hearing was held on April 8, 2009. The ALJ again concluded that plaintiff did not qualify for benefits. Tr. 1075-86.[1] The ALJ found that plaintiff suffered from severe impairments including degenerative disc disease, irritable bowel syndrome, obesity, depressive disorder, a personality disorder with compulsive features, and a history of substance abuse, in remission. Tr. 1078, Finding 3. The ALJ found that these impairments did not meet or equal the requirements of a listed impairment, and proceeded to assess plaintiff's residual functional capacity (RFC) as allowing plaintiff to lift and carry up to ten pounds occasionally, sitting for one hour at a time for a total of six hours in an eight-hour workday, standing or walking for one hour at a time for a total of six hours in an eight-hour workday; but avoiding kneeling, crawling, crouching, bending, twisting, climbing, unprotected heights, dangerous or hazardous machinery, vibration, and

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2 - OPINION AND ORDER

extreme cold. Pushing and pulling was limited to less than ten pounds, and he was limited to simple repetitive tasks in neither a public nor a team setting. Tr. 1079-81. The ALJ concluded that considering plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, including semi-conductor wafer breaker, with over 58,000 jobs nationally and 695 jobs regionally; addressor, with over 24,000 jobs nationally and 192 jobs regionally; and microfilm document preparer, with over 61,000 jobs nationally and 655 jobs regionally. Tr. 1085-86.

Plaintiff again appealed unsuccessfully to the SSA Appeals Council, and again sought judicial review. This Opinion and Order provides that review.

## FACTUAL BACKGROUND

Details of plaintiff's background and medical history will be reviewed as necessary in this ruling's analysis below.

## STANDARDS

The parties are thoroughly familiar with the applicable standards for proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ undertook the appropriate sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Plaintiff's challenges to that process and the ALJ's analysis are addressed below.

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

**QUESTION PRESENTED**

Plaintiff contends primarily that this court should reverse the Commissioner's final decision and award benefits because the ALJ inadequately evaluated the medical evidence presented, erred in assessing plaintiff's RFC, and failed to properly complete the fifth step of the sequential process to determine whether plaintiff can perform other work in the national economy in light of his RFC, age, education, and work experience.

**DISCUSSION**

4  - OPINION AND ORDER

### 1.     The ALJ's evaluations of medical opinions

Plaintiff contends that the ALJ failed to address the opinions of treating physicians Drs. Niles and Koon. Specifically, plaintiff argues that the ALJ overlooked opinions about plaintiff's limitations in sitting, standing, and walking.

Defendant responds that the ALJ's finding that plaintiff was limited to sixty minutes in a position of either standing or sitting "was more generous for standing than Dr. Niles opined and precisely what she recommended for sitting." Df. Br. at 9 (citing Tr. 1081). Moreover, defendant refers to the ALJ's comment that Dr. Niles believed that plaintiff "was not unable to work." Tr. 1083. Defendant also asserts that this court's prior rulings resolved the propriety of the ALJ's evaluations of the opinions of Drs. Niles and Koon, and that plaintiff's "attempt to relitigate the interpretation of the medical evidence should not be allowed." Df. Br. at 11.

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions).

Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than a reviewing physician's conclusions. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *Lester*, 81 F.3d at 830; *see also Carmickle v. Comm'r.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (opinions from

5   - OPINION AND ORDER

doctors with the most significant clinical relationship with the claimant are generally entitled to more weight than opinions from doctors with lesser relationships).

An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments.  *Lester*, 81 F.3d at 832-33 (citation omitted).  Although a treating physician's opinion "is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)).  An ALJ need not accept a treating physician's opinion that is conclusory or brief.  *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).  Similarly, an ALJ may discredit the opinions of a treating physician that are unsupported by objective medical findings.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole").

Plaintiff contends that the ALJ failed to address Dr. Niles's opinions that plaintiff can:

- stand and walk for about four hours in an eight-hour day with normal breaks;
- sit for about six hours in an eight-hour day with normal breaks;
- sit for sixty minutes before changing position;
- stand for ninety minutes before changing position;
- must "walk around" at a "frequency" of ninety minutes, and
- must walk a "duration" of one minute each time.

6   - OPINION AND ORDER

- must have an option to shift at will from "sitting or standing/walking;" (Dr. Niles responded "yes" and "Best" to this query).

Tr. 553-54.[2]

As noted above, in the relevant aspects of plaintiff's RFC assessed by the ALJ, the ALJ found that plaintiff is limited to "sitting an hour at a time" with a total of "6 in 8 hours," and standing or walking "an hour at a time, and a total of 6 in 8 hours." Tr. 1081.

Plaintiff contends that this RFC ignored Dr. Niles's responses indicating that plaintiff can stand or walk for only four hours per day, and overlooked the limitation noted by Dr. Niles that plaintiff must periodically alternate his position (every ninety minutes, for one minute each time). This court disagrees.

In explaining the evaluation of Dr. Niles's responses, the ALJ acknowledged that Dr. Niles "listed possible limitations and difficulties, but still indicated that the claimant would be able to perform a low-stress job." Tr. 1083. The ALJ's comprehensive interpretation of Dr. Niles's opinions – which included the responses marked on counsel's form as well as the doctor's more substantive reports – reasonably resulted in a conclusion that plaintiff suffers limitations in sitting, standing, and walking. These limitations can be construed as departing somewhat from selective interpretations of a physician's responses to counsel's form. However, this fails to

---

[2] These answers are responses provided by Dr. Niles on a questionnaire submitted to her by plaintiff's counsel. The responses are somewhat unclear, as are some of the inquiries. The ultimate responsibility for that ambiguity rests with counsel who drafted and presented the questionnaire, and collected the responses without seeking further clarification. Presumably, Dr. Niles intended to indicate that plaintiff must walk for a minute every ninety minutes. For purposes of evaluating whether the ALJ adequately addressed the medical opinions at issue, any substantive ambiguity is resolved in favor of construing the ALJ's analysis to be reasonable unless shown to be otherwise. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988).

7  - OPINION AND ORDER

establish that the ALJ "ignored" or "rejected" the physician's opinions. Instead, the ALJ reasonably resolved inconsistencies between what Dr. Niles may have intended in her responses to counsel's form questions, and what her more comprehensive treatment notes reflect. The court concludes that the limitations found by the ALJ fairly incorporates the full scope of Dr. Niles's opinions.[3]

Similarly, plaintiff asserts that the ALJ improperly rejected Dr. Koon's findings that plaintiff was limited to standing for two hours in a day, and had to change positions after sitting from sixty to ninety minutes or standing for twenty minutes. Tr. 569. To the extent that the ALJ departed from some aspects of Dr. Koon's responses on counsel's questionnaire, specific, legitimate reasons for doing so were provided. Tr. 1083-84. Counsel's subsequent disagreement with those reasons does not diminish their adequacy under the applicable legal standards.[4]

The ALJ adequately complied with the requirements to reject the contradicted opinions of a treating physician with specific and legitimate reasons, and to reject uncontradicted opinions from a treating physician with clear and convincing reasons, supported by substantial evidence in

---

[3] For purposes of clarifying the parties' allegations regarding the prior remand from this court, it is noted that Judge Hogan reviewed the frustration expressed by the ALJ in reconciling Dr. Niles's treatment notes and counsel's interpretations of her responses to his questionnaire. Judge Hogan found that the ALJ "stated insufficient reasons to reject Dr. Niles's opinion regarding plaintiff's nonexertional limitations other than the limitation to avoid ladder climbing." Tr. 1098-99. The matter was remanded for a new ruling because in part, "[t]he ALJ and counsel did not include all limitations stated in the improperly rejected medical opinions in hypothetical questions posed to the vocational expert." Tr. 1103. These errors were not repeated following remand.

[4] While the court is not necessarily bound by the prior judicial adoption of the prior agency analysis that accepted Dr. Niles's opinion over Dr, Koon's opinion, the reasoning that supports that judicial conclusion remains persuasive. Tr. 1097.

the record. *Bayliss*, 427 F.3d at 1216. The ALJ met these standards. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

    **2.    The ALJ's RFC analysis**

Plaintiff also contends that the ALJ erred in failing to address plaintiff's severe impairment of irritable bowel syndrome in the RFC findings. This court concludes that the ALJ addressed this impairment – and provided sufficient reasoning for how its impact was evaluated – in the agency ruling. Tr. 1080.

To the extent that plaintiff challenges the ALJ's consideration of the lay testimony presented regarding plaintiff's incontinence, this court concludes that the ALJ's evaluation of evidence presented by plaintiff's sister Jimmie Lou Rakes was adequate. In determining whether a claimant is disabled, an ALJ is required to consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006)). Such testimony is competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ electing to disregard the testimony of a lay witness must do so by providing specific reasons "that are germane to each witness." *Id.*; *Stout*, 454 F.3d at 1054 (the ALJ, not the district court or the counsel for the Commissioner, must provide specific reasons for rejecting lay testimony).

Specifically, the ALJ determined that where this witness described limitations that are greater than those incorporated into plaintiff's RFC, those descriptions are "contradicted by actions and activities of the claimant." Tr. 1083. The ALJ considered evidence that plaintiff took long trips to California and to Kansas. Tr. 1084.

9  - OPINION AND ORDER

Plaintiff responds that the evidence of his activities suggest that his symptoms might have been "intermittent," and that there was corroborating evidence from a physician who noted that plaintiff had found one of the long trips "difficult." Reply at 5.

After considering these arguments, the court concludes that the ALJ addressed the lay testimony adequately, and moreover, that the ALJ's assessment of plaintiff's RFC is supported by substantial evidence. The court is compelled to uphold the assessment because it is supported by the evidence presented in the record (even if plaintiff can present an alternative interpretation that could also be supported by the evidence). *Benton*, 331 F.3d at 1035. Plaintiff's related arguments regarding the adequacy of the RFC regarding his mental as well as physical limitations and his pain disorder are overruled. The RFC is well-supported by inferences reasonably drawn from the record. *Tommasetti*, 533 F.3d at 1038 (citation omitted).

### 3. The ALJ's vocational analysis

The final argument meriting analysis is plaintiff's assertion that the ALJ erred in relying upon expert testimony that plaintiff could perform a job (microfilm document preparer) that is rated a general educational development reasoning level three, when plaintiff's RFC acknowledged that plaintiff is limited to simple, repetitive tasks not in a public or team setting due to his moderate difficulties in maintaining social functioning. Tr. 1081. This court concludes that two other jobs identified by the vocational expert at the hearing (wafer breaker and addressor) do not require anything more than simple tasks, and so are consistent with the ALJ's RFC assessment for plaintiff. Accordingly, the ALJ's vocational analysis was adequate. *Hoffman v. Astrue*, No. C09-5252RJB, 2010 WL 1138341, at *5 (W.D. Wash. March 19, 2010) (although it was error to find a claimant who was limited to simple tasks capable of performing

10 - OPINION AND ORDER

the job of microfilm document preparer; the ALJ did not err in finding the claimant to be capable of performing other jobs existing in significant numbers in the national economy).

## **CONCLUSION**

This court has fully reviewed the record of this case and has considered each of plaintiff's arguments. This court concludes that the decision of the Commissioner is based upon the correct legal standards and is supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Robert Moffatt's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   27   day of September, 2010.


  /s/ ANCER L. HAGGERTY  
ANCER L. HAGGERTY  
United States District Judge

11 - OPINION AND ORDER